**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 22-113-DLB**

**CARL EUBANKS**                                                                                 **PETITIONER**

**v.**                         **MEMORANDUM OPINION AND ORDER**

**J. GILLEY, WARDEN**                                                                      **RESPONDENT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Carl Eubanks has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Eubanks' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

"On December 31, 1996, Eubanks entered the Lowcountry Savings Bank in Summerville, South Carolina, robbed the bank, and for no reason at all, shot and seriously

1

wounded a teller who had complied with every demand he made of her." *See Eubanks v. United States*, No. 2:00-CV-3645-DCN (D.S.C. 2000) (Doc. # 9).  For this conduct, in January 1997 Eubanks was charged in Charleston, South Carolina with armed bank robbery, assault with a deadly weapon in violation of 18 U.S.C. §§ 2113(a), (d); using and carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  *United States v. Eubanks*, No. 2: 97-CR-110-DCN (D.S.C. 1997) (hereinafter "Criminal Trial" at Doc. # 1).

The government later filed a pretrial notice asserting that Eubanks was subject to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c) because the armed bank robbery qualified as a "serious violent felony," as did two of Eubanks' prior state convictions, including a March 1977 conviction for Second Degree Robbery and a June 1982 conviction for Attempted First Degree Robbery, both from Bronx County, New York.[1]  *See* Criminal Trial, Doc. # 55.  Eubanks was convicted of all federal charges following a jury trial.  *See id.* at Doc. # 61.

The Presentence Investigation Report concluded that Eubanks was subject to a mandatory term of life imprisonment for the Section 2113 and Section 924(c) counts under Section 3559.  He also qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) for the Section 922(g) count, and as a career offender under U.S.S.G. § 4B1.1.  The ACCA enhancement was based upon a third prior offense by Eubanks, a September

---

[1]     Eubanks' two prior New York convictions qualified as "serious violent felonies" pursuant to 18 U.S.C. § 3559(c)(3)(A) because they involved dangerous weapons.  Eubanks used of a knife to rob a woman of her food stamps, resulting in the Second Degree Robbery conviction; he struck a liquor store owner with a gun, resulting in his conviction for Attempted First Degree Robbery.  *See United States of America v. Eubanks*, 1998 WL 34092181, at *3, Brief of Appellee (4th Cir. July 20, 1998).

24, 1984 New York conviction for attempted possession of dangerous contraband in prison.  *See* Criminal Trial, Doc. # 107 at 2-3.  Although not relied upon in the PSR, Eubanks also had prior New York convictions in 1982 for second degree criminal possession of a dangerous weapon and second degree attempted assault.  *See Eubanks v. United States*, No. 2:97-CR-00110-DCN, 2019 WL 7293389, at *3 (D.S.C. Dec. 30, 2019).  The trial court agreed that the sentence enhancements applied, and in January 1988, sentenced Eubanks to concurrent terms of life imprisonment on the bank robbery and the firearm possession counts, to be followed by a consecutive term of life imprisonment on the felon in possession count.  *See id.* at Doc. # 73.

On direct appeal the Fourth Circuit rejected Eubanks' substantive arguments, but concluded that the trial court was required to run the Section 924(c) sentence consecutively to the other sentences, and that the trial court failed to adequately explain its basis for running the Section 922(g) sentence consecutively to those imposed on the other counts, and remanded the case for resentencing.  *See United States v. Eubanks*, 166 F.3d 335, 1998 WL 801539, at *2-4 (4th Cir. 1998).  Following remand, in December 1998 the trial court again imposed life sentences on all counts, with only the Section 924(c) sentence running consecutively to the two other concurrent sentences.  *See* Criminal Trial, Doc. # 89.  The Fourth Circuit affirmed on direct appeal.  *See United States v. Eubanks*, 191 F.3d 449, 1999 WL 739427, at *1 (4th Cir. 1999).

In November 2000, Eubanks filed a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.  The motion asserted a variety of trial errors, but chiefly contended that several of the numerous different attorneys who were appointed to represent Eubanks and then replaced upon his request were ineffective.  The trial court

denied his motion in March 2001, and the Fourth Circuit denied a certificate of appealability. *See Eubanks v. United States*, No. 2: 00-CV-3645-DCN (D.S.C. 2000) (Doc. # 1 and 9); *United States v. Eubanks*, 14 F. App'x 227 (4th Cir. 2001).

In 2004, Eubanks filed a habeas corpus petition pursuant to Section 2241 challenging the enhancement of his sentence under either the Armed Career Criminal Act, 18 U.S.C. § 924(e), Section 3559, or both. The district court summarily denied the petition as an improper collateral attack. *Eubanks v. Compton*, No. 7:04-CV-307-SGW (W.D. Va. 2004). The Fourth Circuit summarily affirmed. *Eubanks v. United States*, 131 F. App'x 948 (4th Cir. 2005). Eubanks filed a second Section 2241 petition in 2006, which the district court likewise summarily denied, *Eubanks v. O' Brien*, No. 7:06-CV-107-SGW (W.D. Va. 2006), and the Fourth Circuit summarily affirmed, *Eubanks v. United States*, 191 F. App'x 237 (4th Cir.), *cert. denied*, 549 U.S. 1100 (2006).

In 2015, the United States Supreme Court held that the "residual clause" of Section 924(e) was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015). In May 2016, the Fourth Circuit granted Eubanks authorization to file a second or successive Section 2255 motion based upon *Johnson*. *See Eubanks*, 2019 WL 7293389, at *1. Eubanks filed a timely *pro se* motion. Then, with the aid of counsel, he filed a supplemental Section 2255 motion in July 2016. While *Johnson* only directly affected the ACCA enhancement, Eubanks argued that the definition of a "violent felony" under the ACCA, a "crime of violence" under U.S.S.G. § 4B1.1, and a "serious violent felony" under Section 3599 are similar, and therefore similarly unconstitutional, warranting plenary resentencing. *See* Criminal Trial, Docs. # 98 and 107.

4

The trial court denied Eubanks' motion in December 2019. It first concluded that because *Johnson* implicated only the ACCA, "*Johnson* does not recognize any new right that is applicable to the Sentencing Guidelines or § 3559, meaning that Eubanks's arguments as to the Sentencing Guidelines and § 3559 are untimely." *Eubanks*, 2019 WL 7293389, at *2. With respect to the ACCA enhancement, the Court declined to consider the *Johnson* challenge pursuant to the concurrent sentence doctrine: the Court noted that even if the life sentence imposed for the Section 922(g) conviction in Count Three was invalid following *Johnson*, Eubanks remained subject to a concurrent term of life imprisonment for the Section 2113(a) conviction in Count One, to say nothing of the consecutive life sentence he was subject to for the Section 924(c) conviction in Count Two. *See Eubanks*, 2019 WL 7293389, at *4-6 (*citing United States v. Charles*, 932 F. 3d 135, 155 (4th Cir. 2019) ("The 'concurrent sentence doctrine' authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment ...")). In applying the doctrine, the trial court also expressly concluded that that Eubanks' prior New York crimes qualified as "serious violent felonies" for purposes of Section 3559. *See Id*. The Fourth Circuit denied a certificate of appealability in October 2020. *United States v. Eubanks*, 824 F. App'x 189, 190 (4th Cir. 2020).

The salient portions of Eubanks' Section 2241 petition are copied nearly *verbatim* from his counsel's supplemented Section 2255 motion. *Compare* Doc. # 1-1 *with* Criminal Trial, Doc. #107 at 2-3, 13-15. As in that document, Eubanks argues throughout his Section 2241 petition that under the Supreme Court's opinion in *Johnson* (2015) and the

5

Second Circuit's ensuing decision in *Jones v. United States*, 838 F. 3d 296 (2d Cir. 2016), use of his prior New York convictions to enhance his sentence is unconstitutional.

The Court must dismiss Eubanks' petition because his claims are not cognizable in a § 2241 proceeding. A § 2241 petition is reserved for challenges to decisions made within the prison walls that affect the duration of the prisoner's sentence, such as when prison officials compute sentence credits, revoke good conduct time, or determine parole eligibility. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021); *Terrell v. United States*, 564 F. 3d 442, 447 (6th Cir. 2009). In contrast, a § 2255 motion filed in the sentencing court constitutes "the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495; *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). Generally, a prisoner may not challenge his conviction or sentence by filing a § 2241 petition, which is not an additional or alternative remedy to a § 2255 motion. *Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

There is an exception to this rule, but it is extraordinarily narrow. 28 U.S.C. § 2255(e) permits a prisoner to file a § 2241 petition to challenge his conviction or sentence only if the remedy provided by § 2255 is structurally "inadequate or ineffective" to seek relief. *Taylor*, 990 F.3d at 496. That test is not satisfied simply because the remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Instead, a prisoner wishing to petition under § 2241 for these purposes must point to a new decision of the United States

Supreme Court which establishes, as a matter of statutory interpretation, either that his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because one or more of his prior convictions could not be properly used to enhance it, *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). The Supreme Court decision relied upon must be retroactively applicable to cases on collateral review. *Hill*, 836 F. 3d at 595. Finally, to properly invoke § 2241 the prisoner must demonstrate that he had no prior reasonable opportunity, either on direct appeal or in an initial § 2255 motion, to make his argument that "a new Supreme Court case hints his conviction or sentence may be defective." *Wright v. Spaulding*, 939 F.3d 695, 703, 705 (6th Cir. 2019). If the prisoner's § 2241 petition fails to satisfy these criteria, the habeas court lacks jurisdiction to entertain it. *Taylor*, 990 F. 3d at 499.

In light of the foregoing, the Court lacks jurisdiction under Section 2241 to consider Eubanks claim that his sentence enhancement was unconstitutional. While Eubanks relies upon the Supreme Court's decision in *Johnson* (2015), that matter was decided as a matter of constitutional law, not statutory interpretation. That decision therefore fails to open the gateway for Eubanks to proceed under Section 2241. *See Hendrickson v. Kizziah*, No. 19-5629, 2019 WL 9078289, at *2 (6th Cir. Dec. 27, 2019) ("Hendrickson also could not rely upon *Dimaya* - or, for that matter, *Johnson v. United States*, 135 S. Ct. 2551 (2015) - because those cases addressed the constitutionality of 18 U.S.C. § 16(b)

7

and 18 U.S.C. § 924(e)(2)(B)(ii), respectively, rather than matters of statutory interpretation."). In addition, the Fourth Circuit permitted Eubanks to raise his *Johnson* claim in a Section 2255 motion. He therefore "cannot bring a claim of actual innocence in a § 2241 petition through the saving clause [because he had a] prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705. And Eubanks may not invoke the Second Circuit's decision in *Jones* to assert a claim under Section 2241; a decision by the United States Supreme Court, not a federal appeals court of appeals, is required. *Hueso*, 948 F.3d at 334-35.

Even if the Court had jurisdiction to entertain his constitutional claim, it would decline to do so. Under the concurrent sentence doctrine, a court should exercise its discretion not to substantively review a challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction; it is clear that there is no collateral consequence to the defendant; and/or the issue does not otherwise involve a significant question meriting consideration. *See Kassir v. United States*, 3 F.4th 556, 561-66 (2d Cir. 2021) (discussing development and status of doctrine as a subspecies of the harmless error doctrine); *Nosov v. Schuylkill*, 634 F. App'x 379, 380 (3d Cir. 2016) ("Pursuant to that doctrine, a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable.").

The Sixth Circuit has permitted application of the doctrine, including on habeas review. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Winn v. Renico*, 175 F. App'x 728, 732 (6th Cir. 2006). *See also Ryan v. United States*, 688 F.3d 845,

8

849 (7th Cir. 2012) ("... courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects.") (indicating that the doctrine may apply to collateral attacks under § 2241, § 2254, or § 2255); *Ruiz v. United States*, 990 F.3d 1025, 1031-34 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1421 (2022); *Al -'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022) (holding that "the concurrent sentence doctrine applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences."). Here, Eubanks remains subject to multiple concurrent sentences, only one of which is assailable under *Johnson* (2015). Notably, the Supreme Court has already held that the career offender enhancement is not subject to a vagueness challenge of the kind at issue in *Johnson*. *See Beckles v. United States*, 137 S. Ct. 886 (2017). And the record does not suggest the presence of collateral consequences or other grounds discouraging application of the doctrine. The Court therefore has an additional reason not to consider Eubanks' constitutional challenge to the enhancement of his sentence. *Cf. In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016).[2]

For each of these reasons, Eubanks' petition must be dismissed for lack of jurisdiction. Accordingly,

**IT IS ORDERED** as follows:

(1)   The Court **DISMISSES** Carl Eubanks' petition for a writ of habeas corpus (Doc. # 1) for lack of jurisdiction; and

(2)   The Court **DIRECTS** the Clerk to strike this matter from the docket.

---

[2]   Further, while *Johnson* (2015) invalidated the ACCA's residual clause on constitutional grounds, it left intact both the enumerated offense clause and the elements clause. Eubanks makes no argument that one or more of these alternative provisions could not have been utilized to enhance his sentence based upon his predicate offenses.

This 8th day of August, 2022.



Signed By:
*David L. Bunning*   DB
United States District Judge

M:\DATA\ORDERS\PSO Orders\6-22-113 MOO.docx